IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMSTER WILLIAMS, | No. C 06-1408 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 13] |
| ONEBEACON INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant OneBeacon Insurance Company's Motion for Summary Judgment [Docket No. 13].

**BACKGROUND**

This is a diversity suit regarding the amount of coverage under an insurance policy issued by Defendant. The facts are undisputed; the parties disagree only about the law.

Plaintiff was injured in an automobile accident on October 31, 2000.[1] His injuries allegedly exceeded $100,000. The driver of the other vehicle was uninsured. At the time of the accident, Plaintiff was employed by JAMS Services, Inc., and was acting within the course and scope of his employment. The truck he was driving was owned by JAMS. JAMS had an automobile liability insurance policy with Defendant, which provided for a general liability limit of $1 million.

The policy also provided uninsured motorists coverage for all owned autos. The uninsured motorists coverage provision states that, "[w]e will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' The owner's or driver's liability for these damages must result from the ownership, maintenance or use of

---

[1] These facts are taken from the parties' Stipulation Regarding Facts.

the 'uninsured motor vehicle.'" It is undisputed that this accident was covered under the policy. However, the parties dispute the amount of coverage. The policy provides that, "[r]egardless of the number of covered 'autos', 'insureds,' premiums paid, claims made or vehicles involved in the 'accident,' the most we will pay for all damages resulting from any one 'accident' is the Limit of Insurance for Uninsured Motorists Coverage shown in the Schedule of Declarations." The limit identified in the schedule is $100,000. However, Plaintiff argues that the general liability limit should apply, for reasons discussed below.[2] Plaintiff filed suit for declaratory relief, and Defendant filed the instant Motion for Summary Judgment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court may properly grant a motion for summary judgment if the pleadings and materials demonstrate that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may be granted in favor of a defendant on an ultimate issue of fact where the defendant carries its burden of "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577 (Fed. Cir. 1989).

To withstand a motion for summary judgment, the non-movant must show that there are genuine factual issues which can only be resolved by the trier of fact. *Anderson*, 477 U.S. at 250. The nonmoving party may not rely on the pleadings but must present specific facts creating a genuine issue of material fact. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The court's function, however, is not to make credibility determinations.

---

[2]Plaintiff filed a complaint for personal injuries against the uninsured driver of the other vehicle in Contra Costa Superior Court. That case is apparently still pending. Plaintiff has also instituted arbitration proceedings against Defendant – it is unclear what the arbitration is regarding and/or how it relates to this case. The parties do not offer any information about the pending arbitration.

2

*Anderson*, 477 U.S. at 249. The inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *T.W. Elec. Serv.*, 809 F.2d at 631.

## ANALYSIS

California Insurance Code section 11580.2 provides that any insurance policy covering liability arising out of ownership or use of a motor vehicle must cover, within certain limits, damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. Section 11580.2 also specifies that the insurer and insured may, by written agreement, "(1) delete the provision covering damage caused by an uninsured motor vehicle completely, or (2) delete the coverage when a motor vehicle is operated by a natural person or persons designated by name, or (3) agree to provide the coverage in an amount less than that required by subdivision (m) but not less than the financial responsibility requirements specified in Section 16056 of the Vehicle Code."[3]

In turn, subdivision (m) provides that uninsured motorist coverage "shall be offered with coverage limits equal to the limits of liability for bodily injury in the underlying policy of insurance, but shall not required to be offered with limits in excess of the following amounts: (1) A limit of thirty thousand dollars ($30,000) because of bodily injury to or death of one person in any one accident. (2) Subject to the limit for one person set forth in paragraph (1), a limit of sixty thousand dollars ($60,000) because of bodily injury to or death of two or more persons in any one accident."

Defendant asserts that the parties contracted for $100,000 of uninsured motorist coverage, and that the Court should give effect to this agreement. *See Calfarm Ins. Co. v. Wolf*, 86 Cal. App. 4th 811, 817 (Ct. App. 2001) (stating that section 11580.2 specifies the minimum in uninsured motorist coverage; "[t]he insurer is free to offer more in the way of UMC, but cannot offer less"). Plaintiff argues that section 11580.2 requires a written waiver if the uninsured motorist limits are less than the general liability limits. There was no written waiver here. Plaintiff relies on *Smith v.*

---

[3]Vehicle Code section 16056 requires minimum policy limits of $15,000 for bodily injury to or death of one person or $30,000 for bodily injury to or death of two or more persons in any one accident.

3

*State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 708 (Ct. App. 2001), in which the court stated that section 11580.2 requires a written waiver for "an agreement to provide coverage in an amount less than the bodily injury liability limits in the underlying policy."

The above-quoted language notwithstanding, *Smith* does not control here. *Smith* was a class action, in which the plaintiffs alleged that the defendant insurers had conspired to require customers to either purchase uninsured motorist coverage for each owned vehicle or waive it as to all vehicles. The court's analysis was entirely devoted to whether section 11580.2 permits such a practice; the case held that UMC may not be waived on a per vehicle basis. The court was not presented with the question before the Court in this case – whether, if the parties agree to provide UMC in an amount less than the general liability limit but greater than the statutory minimum, there must be a written waiver.

Defendant relies on *Enterprise Ins. Co. v. Mulleague*, 196 Cal. App. 3d 528 (Ct. App. 1987). *Enterprise* is also factually different from this case, as Plaintiff points out, because it involved an insurance policy that did not provide any uninsured motorist coverage for the type of vehicle that was involved in the accident. However, the case did squarely consider whether, in the absence of a waiver, the amount of UMC read into the policy by the court should be the general liability limit, or the amount provided in subsection (m). The court noted that, "[i]f the Legislature had intended that the uninsured motorist benefits imposed by statute would be equal to bodily injury liability in all cases, it obviously would not have added this express limitation to the statutorily required benefits." *Id*. at 535. Thus, the court held, if there is no UMC provision, the policy will be construed as a matter of law to provide uninsured motorist benefits in an amount equal to the bodily injury liability limit <u>up to but not exceeding</u> $30,000 per person and $60,000 per accident. *Id*. at 536.

Considering *Enterprise* together with *Calfarm* and the plain language of the statute, the correct interpretation is clear: if the parties desire to provide UMC in an amount less than that required by subdivision (m), they must execute a written waiver. It is undisputed that the parties here have contracted to provide UMC in the amount of $100,000, which is greater than the amount

4

required by subdivision (m).  Therefore, no waiver is required.  The amount of UMC coverage is $100,000, the amount bargained for in the policy.

Because there are no disputed issues of material facts and Defendant correctly interprets the law, summary judgment is appropriate.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment is GRANTED.  IT IS FURTHER ORDERED THAT judgment is entered in favor of Defendant.  The clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 10/30/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge